■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DOMINICK SAVASTANO, Appellant.— Judgment unanimously affirmed. No opinion. Concur — Breitel, J. P., Bastow, Botein, Rabin and Bergan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MINOT F. JELKE, Also Known as MICKEY JELKE, Appellant.— Judgment unanimously modified insofar as to reverse the conviction upon the eighth count of the indictment and to dismiss the said count upon the ground that the guilt of the defendant as to that count was not established beyond a reasonable doubt and, as so modified, affirmed. Concur — Peck, P. J., Botein, Rabin and Bergan, JJ.

■ ANNE C. SHAPIRO, Appellant, v. MARGERY J. GRAHAM, Respondent, et al., Defendants.— Judgment unanimously vacated and the order unanimously modified so as to grant the motion to dismiss, with leave to replead. On this record plaintiff should be given an opportunity to replead. Settle order on notice. Concur — Peck, P. J., Cohn, Botein and Cox, JJ. [See *post*, p. 804.]

■ In the Matter of the Accounting of CITY BANK FARMERS TRUST COMPANY et al., as Trustees under a Deed of Trust Made between CORNELIA B. DE LANGLEY and others. JOSEPH L. WAHL, as Executor of CORNELIA WAHL, Deceased, Appellant; HILBERT I. TRACHMAN et al., as Trustees for REGINALD WRIGHT, et al., Respondents.— The life interest of Wright, for which the Wright trust was created, was a successor to the life interest of de Langley in the de Langley trust and was contingent upon Wright surviving de Langley. Wright, having died first, the Wright trust never came into effect. Order unanimously modified so as to decree that title to the remainder of the de Langley trust is in the settlor's estate, without costs, by reason of the undue length of appellant's brief. Settle order on notice. Concur — Peck, P. J., Cohn, Botein, Rabin and Cox, JJ.

■ CHARLES VIDOR, Respondent, v. OSCAR SERLIN, Appellant, et al., Defendants.— Order unanimously modified, with $20 costs and disbursements to the appellant and the motion, insofar as it sought a direction to make the complaint more definite and certain, granted. In order to enable appellant to answer intelligently, it is necessary that respondent allege the ultimate facts (which in the context of this case may refer to the specific matters of law that in fact are in dispute) to support the claimed invalidity and unenforcibility of the instruments purporting to assign the property rights in dispute. Settle order on notice. Concur — Peck, P. J., Breitel, Bastow and Cox, JJ.